IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEVEN C. HEISER,

    Plaintiff,

vs.                                Case No. 4:09cv331-MP/WCS

LETICIA RENO, et al.,

    Defendants.

                                     /

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. Doc. 14. The amended complaint has been reviewed pursuant to 28 U.S.C. § 1915A.

Plaintiff's amended complaint concerns knee surgery performed at the Department of Corrections' Medical Reception Center in Lake Butler, and Plaintiff's medical problems following the surgery. All events occurred within the jurisdiction of the Middle District of Florida. All Defendants are located in Lake Butler, Florida, at the Reception Center. Because Lake Butler is located in the Middle District of Florida, as are each of the Defendants, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  A court may raise the issue of defective venue *sua sponte*, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond.  <u>Lipofsky v. New York State Workers Comp. Bd.</u>, 861 F.2d 1257, 1259 (11th Cir. 1988).  The <u>Lipofsky</u> court did not place the same limitations on the court's ability to transfer a case to the appropriate forum pursuant to 28 U.S.C. § 1404(a).  *See* <u>Lipofsky</u>, 861 F.2d at 1259, n. 2.  Thus, it is recommended that the case be transferred rather than dismissed.  There is no need for a hearing on this transfer.  *Cf.* <u>Costlow v. Weeks</u>, 790 F.2d 1486, 1488 (9th Cir. 1986) *with* <u>Starnes v. McGuire</u>, 512 F.2d 918, 934 (D.C. Cir. 1974).

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on December 11, 2009.


   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**